

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 9, 2014

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Street
New York, New York 10007

      Re:    **United States v. Guillermo Araujo, 13 Cr. 811 (ALC)**

Dear Judge Carter:

      A status conference in the above-referenced matter is scheduled for Friday, September 12, 2014 at 2:00 p.m.  The defendant, Guillermo Araujo, is represented by Martine Beamon, Esq. of Davis Polk & Wardwell LLP.  Assisting Ms. Beamon in this representation is Sagar K. Ravi, Esq., of the same firm.  Mr. Ravi has notified the Government that he has applied for a position as an Assistant United States Attorney in the Southern District of New York.  As a result of Mr. Ravi's potential employment at the United States Attorney's Office for the Southern District of New York, and the potential conflict of interest that it presents proceeding with this case, the Government respectfully requests that the Court conduct an inquiry at the end of the conference pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), to advise the defendant of his right to a counsel with no such potential conflict and to confirm on the record that the defendant is prepared to go forward with his current representation. As described more specifically below, we attach a transcript of a Curcio inquiry made in another case concerning a similar situation.

### Discussion

      The Sixth Amendment provides a criminal defendant with the right to the effective assistance of counsel, which includes "the right to representation by conflict-free counsel." United States v. Schwarz, 283 F.3d 76, 90 (2d Cir. 2002).  District courts have two separate obligations where there is a possible conflict of interest.  First, the district court has an "inquiry obligation" when it is apprised of the possibility of a conflict of interest, under which it must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all."  United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).  Second, if the district court finds after some inquiry that the defendant's attorney suffers from an actual or potential conflict, the district court

The Honorable Andrew L. Carter, Jr.
September 9, 2014
Page 2 of 4

then has a "disqualification/waiver" obligation, under which it is required either to disqualify the attorney if the conflict is sufficiently severe, or, if the conflict may be waived, to conduct a Curcio inquiry to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Three types of conflicts of interest are the subject of judicial inquiry and can potentially result in the deprivation of the effective assistance of counsel: (1) a per se conflict; (2) an actual conflict; and (3) a potential conflict that results in prejudice to the defendant. See Armienti v. United States, 313 F.3d 807, 810 (2d Cir. 2002); United States v. John Doe No. 1, 272 F.3d 116, 125 (2d Cir. 2001); see also United States v. Peterson, 233 F. Supp. 2d 475, 489-92 (E.D.N.Y. 2002) (analyzing alleged conflict to determine whether it met fell within any of these three categories).

In the Second Circuit, per se conflicts have been found only in two classes of cases: where trial counsel "is not authorized to practice law" and where trial counsel "is implicated in the very crime for which his or her client is on trial." Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000); accord United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); see also Solina v. United States, 709 F.2d 160, 164 (2d Cir. 1983) (unlicensed attorney); United States v. Cancilla, 725 F.2d 867, 868-70 (2d Cir. 1984) (attorney implicated in client's crime). The Second Circuit has repeatedly and consistently refused to extend the per se rule beyond the two prescribed categories. United States v. Levy, 25 F.3d 146, 157 n.8 (2d Cir. 1994) ("[W]e have repeatedly stressed the limited reach of the *per se* rule, emphasizing that it applies only when a defendant's lawyer was unlicensed or had engaged in the defendant's crimes."); see also United States v. John Doe No. 1, 272 F.3d at 125 ("we have limited per se conflicts to [these] two instances"); Strouse v. Leonardo, 928 F.2d 548, 555 (2d Cir. 1991) ("[T]his court has repeatedly declined to extend the per se rule beyond the sort of egregious conduct present in Solina and Cancilla.") (internal quotation marks and citation omitted).

An actual conflict exists when "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." United States v. Schwarz, 283 F.3d at 91 (applying standard derived from Cuyler v. Sullivan, 446 U.S. 335 (1980)). To show divergent interests, "[s]peculation is not enough." Triana v. United States, 205 F.3d 36, 42 (2d Cir. 2000). Nor is a "mere theoretical division of loyalties." Mickens v. Taylor, 535 U.S. 162, 171 (2002). There can be an actual conflict of interest only if "the attorney's current representation is impaired by the loyalty he owes a former client." United States v. Leslie, 103 F.3d 1093, 1098 (2d Cir. 1997) (citing United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995).

Conflicts that do not fall into the categories of per se conflicts or actual conflicts are described as potential conflicts. See, e.g., Armienti v. United States, 234 F.3d at 824. "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003) (quoting United States v. Klitti, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). Conflicts "such as an attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." Perez, 325 F.3d at 125. However,

The Honorable Andrew L. Carter, Jr.
September 9, 2014
Page 3 of 4

"such a conflict might require a defendant to abandon a particular defense or line of questioning," and the defendant must "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." Id. (quoting United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993)).  If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a Curcio hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." Id.

      The Supreme Court has stated that although a defendant may generally waive his Sixth Amendment right to a non-conflicted attorney, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. at 159; see United States v. Fulton, 5 F.3d at 612.  Where a conflict is so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation, then the court must disqualify the attorney. United States v. Levy, 25 F.3d at 152-53; see Holloway v. Arkansas, 435 U.S. 475, 484 (1978).  Also, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160.  Given that "[c]onflicts of interest are notoriously hard to predict . . . , even for those intimately familiar with those proceedings," it is important for "district courts [to] have latitude to permit or deny a defendant's waiver of such conflict." United States v. Jones, 381 F.3d at 120; Wheat, 486 U.S. at 160 (providing that district courts have 'substantial latitude" in determining whether a conflict is waivable).  Accordingly, even the risk of a potential conflict becoming an actual conflict is, in certain cases, sufficient to empower the district court to decline to accept a waiver. Jones, 381 F.3d at 121; United States v. Rahman, 105 F. Supp. 2d 220, 223 (S.D.N.Y. 1994) (Mukasey, C.J.) (stating that judicial assessment "must include . . . both a prudent awareness of how little can be predicted with certainty before a trial begins and a sober regard for how much can go wrong once a trial starts").

      Finally, the Second Circuit has set forth the requirements for a Curcio procedure in great detail:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

United States v. Perez, 325 F.3d at 119.

The Honorable Andrew L. Carter, Jr.
September 9, 2014
Page 4 of 4

      For the Court's reference, the Government has attached a the transcript of a <u>Curcio</u> inquiry conducted by the Honorable Alison J. Nathan in connection with <u>United States</u> v. <u>Gunter</u>, 13 Cr. 378 (AJN), with respect to a law firm associate who similarly applied for a position as a prosecutor.

                                              Respectfully submitted,

                                              PREET BHARARA
                                              United States Attorney
                                              Southern District of New York

                                   By:  <u>/s</u>_____
                                              Jason A. Masimore
                                              Assistant United States Attorney
                                              Southern District of New York
                                              (212) 637-2580

Attachment

cc:  Martine Beamon, Esq.
      Sagar K. Ravi, Esq.