EBE5garP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          13 Cr. 811 (ALC)

5    GUILLERMO ARAUJO,

6              Defendant.

7    ------------------------------x

8                                     New York, N.Y.
                                      November 14, 2014
9                                     4:20 p.m.

10

     Before:
11
                    HON. ANDREW L. CARTER, JR. ,
12
                                      District Judge
13

14                       APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     JASON MASIMORE
17        Assistant United States Attorney

18   DAVIS, POLK & WARDWELL, LLP
          Attorneys for Defendant
19   BY:  MARTINE BEAMON
          SAGAR RAVI
20

21

22

23

24

25

EBE5garP                          plea

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your

3     appearance for the government.

4          MR. MASIMORE:  Good afternoon, your Honor.  Jason

5     Masimore for the government.

6          THE DEPUTY CLERK:  And for the defendant?

7          MS. BEAMON:  Good afternoon, your Honor.  Martine

8     Beamon and Sagar Ravi for Mr. Araujo.

9          THE COURT:  Okay.  Good afternoon.

10          It appears that Mr. Araujo would like to plead guilty

11     to a superseding information pursuant to an agreement with the

12     government; is that correct?

13          MS. BEAMON:  That's correct, your Honor.  That's our

14     application.

15          THE COURT:  Mr. Araujo, I am going to ask you some

16     questions that will require that your answers be under oath so

17     I will ask my wonderful and talented deputy to administer an

18     oath.

19          (Defendant sworn)

20          THE COURT:  What is your full name?

21          THE DEFENDANT:  My name is Guillermo Araujo.

22          THE COURT:  How old are you?

23          THE DEFENDANT:  25, sir.

24          THE COURT:  How far did you go in school?

25          THE DEFENDANT:  Tenth grade, sir.

EBE5garP                         plea

1           THE COURT:  I'm sorry, I couldn't hear that.

2           THE DEFENDANT:  Tenth grade, sir.

3           THE COURT:  Are you currently or have you recently

4    been under the care of a physician or a psychiatrist?

5           THE DEFENDANT:  Sir, no, sir.

6           THE COURT:  Have you recently been hospitalized or

7    treated for narcotics addiction?

8           THE DEFENDANT:  Sir, no, sir.

9           THE COURT:  Have you taken any drugs, medicine, or

10   pills, or had any alcoholic beverage in the last 24 hours?

11          THE DEFENDANT:  Sir, no, sir.

12          THE COURT:  Have you been furnished with a copy of the

13   superseding information?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Have you reviewed it with your attorney?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  The superseding information has two

18   counts, Count One is a conspiracy to burglarize pharmacies.  It

19   alleges from at least in or about September 2007, up to

20   including on or about October 17th, 2013, in the Southern

21   District of New York and elsewhere, that you and others did

22   willfully and knowingly conspire to violate Section 2118(b) of

23   Title 18, United States Code.

24          Do you understand?

25          THE DEFENDANT:  Yes, your Honor.

EBE5garP                         plea

1              THE COURT:  And it was a part and object of the

2    conspiracy that you, and others, would and did enter and

3    attempt to enter, without authority, and remain in the business

4    premises and property without authority, of a person registered

5    with the Drug Enforcement Administration under Section 302 of

6    the Controlled Substances Act which is the intent to steal

7    materials and compounds containing quantities of controlled

8    substances.

9              Do you understand?

10             THE DEFENDANT:  Sir, yes, sir.

11             THE COURT:  And that the replacement cost of these

12   controlled substances to the registrant was $500 and more and

13   that the person who engaged or intended to engage in such entry

14   used a facility in interstate commerce to facilitate such

15   entry.

16             Do you understand?

17             THE DEFENDANT:  Sir, yes, sir.

18             THE COURT:  The overt act charged in relation to Count

19   One is that on or about January 4, 2012, that you participated

20   in the burglary of a pharmacy at 3131 East Tremont Avenue in

21   the Bronx during which more than 11,500 tablets containing

22   Oxycodone were stolen, along with approximately $25,400 in

23   United States currency.

24             Do you understand?

25             THE DEFENDANT:  Sir, yes, sir.

EBE5garP                         plea

1          THE COURT:  Count Two charges a narcotics conspiracy.

2     It alleges from at least in or about September 2007, up to and

3     including on or about October 17, 2013, in the Southern

4     District of New York and elsewhere that you, and others,

5     intentionally and knowingly, conspired to violate the narcotics

6     laws of the United States and that it was a part and object of

7     the conspiracy that you and others would sell and possess with

8     intent to sell controlled substances.

9          Do you understand?

10          THE DEFENDANT:  Sir, yes, sir.

11          THE COURT:  And that the controlled substances

12     involved in the offense were quantities of various schedule II

13     controlled substances including Oxycodone and Oxymorphone.

14          Do you understand?

15          THE DEFENDANT:  Sir, yes, sir.

16          THE COURT:  There are also forfeiture allegations in

17     the superseding information as well as the substitute assets

18     provision.

19          Have you reviewed that with your attorney?

20          THE DEFENDANT:  Sir, yes, sir.

21          THE COURT:  Counsel for Mr. Araujo, have you reviewed

22     the superseding information with your client and are you

23     confident that he understands the nature of the charges

24     contained therein?

25          MS. BEAMON:  Yes to both, your Honor.

EBE5garP                    plea

1          THE COURT:  Do you waive formal reading?

2          MS. BEAMON:  We do, your Honor.

3          THE COURT:  Mr. Araujo, I want to make sure that you

4    understand that the superseding information contains two felony

5    charges.

6          Do you understand?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  You have a constitutional right to be

9    charged by an indictment of a grand jury but you can waive that

10   right and consent to being charged by information of the United

11   States Attorney.  Instead of an indictment these felony charges

12   against you have been brought by the U.S. Attorney by the

13   filing of an information.

14         Do you understand?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Unless you waive indictment, you may not

17   be charged with a felony unless a grand jury finds, by return

18   of an indictment, that there is probable cause to believe that

19   a crime has been committed and that you committed it.  If you

20   do not waive indictment, the government may present the case to

21   the grand jury and ask it to indict you.

22         Do you understand?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT: A grand jury is composed of at least 16

25   and not more than 23 persons, and at least 12 grand jurors must

EBE5garP                         plea

1   find that there is probable cause to believe that you committed

2   the crime with which you are charged before you may be

3   indicted.  The grand jury might or might not indict you.

4            Do you understand?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  If you waive indictment by the grand jury

7   the case will proceed against you on the U.S. Attorney's

8   information just as though you had been indicted.

9            Do you understand?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Have you discussed waiving your right to

12  indictment by the grand jury with your attorney?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Do you understand your right to indictment

15  by a grand jury?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Have any threats or promises been made to

18  induce you to waive indictment?

19           THE DEFENDANT:  No, your Honor.

20           THE COURT:  Do you wish to waive your right to

21  indictment by a grand jury?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Defense counsel, is there any reason why

24  your client should not waive indictment?

25           MS. BEAMON:  No, your Honor.

EBE5garP                          plea

1          THE COURT:  Mr. Araujo, is this your signature on this

2    form?

3          THE DEFENDANT:  Sir, yes, sir.

4          THE COURT:  Before signing it did you review it with

5    your attorney?

6          THE DEFENDANT:  Sir, yes, sir.

7          THE COURT:  And when you signed it, did you sign it

8    because you wished to waive your right to indictment?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  I find that Mr. Araujo is competent to

11    proceed.  I find that he understands the rights he is waiving

12    by waiving indictment.  I find that the waiver is knowingly and

13    voluntarily made and I accept it.  We will proceed to

14    arraignment on the superseding information.

15          As you have indicated, Mr. Araujo, you have indicated

16    you understand the nature of the charges contained in the

17    superseding information, correct?

18          THE DEFENDANT:  Sir, yes, sir.

19          THE COURT:  For the time being, the Court will enter,

20    on your behalf, a plea of not guilty to Counts One and Two of

21    the superseding information.

22          Do you understand?

23          THE DEFENDANT:  Sir, yes, sir.

24          THE COURT:  Now, Mr. Araujo, you have a constitutional

25    right to continue to plead not guilty to the charges contained

EBE5garP                          plea

```
1    in the superseding information.

2              Do you understand?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  If you persist in that plea of not guilty

5    you have the right to a speedy and public trial by a jury.

6              Do you understand?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  At that trial you would have the right to

9    be represented by an attorney and at every stage of this

10   criminal litigation you have the right to be represented by an

11   attorney.

12             Do you understand?

13             THE DEFENDANT:  Sir, yes, sir.

14             THE COURT:  If you could not afford to hire an

15   attorney, the Court would give you a lawyer for free.

16             Do you understand?

17             THE DEFENDANT:  Sir, yes, sir.

18             THE COURT:  Counsel, are you retained or appointed on

19   this matter?

20             MS. BEAMON:  Appointed, your Honor.

21             THE COURT:  At trial you would not have to prove that

22   you were innocent, you would be presumed innocent.

23             Do you understand, Mr. Araujo?

24             THE DEFENDANT:  Sir, yes, sir.

25             THE COURT:  The government would have the burden of
```

EBE5garP                           plea

1    proof at all times and the government would have to prove each

2    and every element of the crimes charged to a jury beyond a

3    reasonable doubt.

4              Do you understand?

5              THE DEFENDANT:  Sir, yes, sir.

6              THE COURT:  Let's turn to those elements.

7              So, for Counts One and Two of the superseding

8    information starting with Count One, in order for a jury to

9    find you guilty the government would have to prove the

10   following:

11             First, that two or more persons agreed to burglarize

12   or attempt to burglarize pharmacies involving controlled

13   substances.

14             Do you understand?

15             THE DEFENDANT:  Sir, yes, sir.

16             THE COURT:  Second, that you joined the agreement or

17   conspiracy knowing of its objective to burglarize and attempt

18   to burglarize pharmacies involving controlled substances.

19             Do you understand?

20             THE DEFENDANT:  Sir, yes, sir.

21             THE COURT:  And third, that at some time during the

22   existence of the agreement or conspiracy at least one of its

23   members performed an overt act in order to further the

24   objectives of the agreement.

25             Do you understand?

EBE5garP                          plea

1                THE DEFENDANT:  Sir, yes, sir.

2                THE COURT:  Count Two has the following two elements:

3                First, that you agreed with others to possess with

4     intent to distribute controlled substances including Oxycodone.

5                Do you understand?

6                THE DEFENDANT:  Sir, yes, sir.

7                THE COURT:  And second, that you did so knowingly and

8     intentionally.

9                Do you understand?

10               THE DEFENDANT:  Sir, yes, sir.

11               THE COURT:  In addition, if you plead guilty you will

12    be giving up your right to challenge the venue of the

13    prosecution.  Venue means that the government is required to

14    bring the charges in the judicial district where the crime

15    takes place.  If you plead guilty you will be giving up your

16    right to challenge the venue of this prosecution.

17               Do you understand?

18               THE DEFENDANT:  Sir, yes, sir.

19               THE COURT:  Counsel for the government, have I left

20    out any elements of Counts One and Two?

21               MR. MASIMORE:  No, your Honor.

22               THE COURT:  Counsel for the defense, have I left out

23    any elements of Counts One and Two?

24               MS. BEAMON:  No, your Honor.

25               THE COURT:  So, the government would have to prove

EBE5garP                    plea

1    each and every one of those elements to a jury beyond a

2    reasonable doubt.  In order to attempt to prove your guilt

3    beyond a reasonable doubt the government would call witnesses.

4            Do you understand?

5            THE DEFENDANT:  Sir, yes, sir.

6            THE COURT:  Your lawyer could question those

7    witnesses.  Do you understand?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  Your lawyer could object to any evidence

10   that the government planned to introduce against you.

11           Do you understand?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  You could call witnesses to come to court

14   and your lawyer would have the subpoena power of the United

15   States to make witnesses come to court for you.

16           Do you understand?

17           THE DEFENDANT:  Sir, yes, sir.

18           THE COURT:  You would have a right to testify on your

19   own behalf.

20           Do you understand?

21           THE DEFENDANT:  Sir, yes, sir.

22           THE COURT:  At the same time you could not be forced

23   to testify because you have a right against self-incrimination.

24           Do you understand?

25           THE DEFENDANT:  Yes, sir.

EBE5garP                          plea

1          THE COURT:  The right against self-incrimination means

2     that you cannot be required to say that you are guilty out of

3     your own mouth.

4          Do you understand?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Therefore, even if you are guilty, you are

7     not required to plead guilty.  You could remain silent and

8     force the government to attempt to prove your guilt beyond a

9     reasonable doubt.

10          Do you understand?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  If the government failed to prove each and

13     every element of the crimes charged beyond a reasonable doubt,

14     the jury would have to find you not guilty.

15          Do you understand?

16          THE DEFENDANT:  Sir, yes, sir.

17          THE COURT:  So, again, even if you are guilty you are

18     not required to plead guilty.

19          Do you understand?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  If you plead guilty I will have to ask you

22     what you did that makes you guilty.  When you answer those

23     questions you are going to be saying you are guilty out of your

24     own mouth.

25          Do you understand?

EBE5garP                          plea

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  In doing that you will be giving up your

3      right against self-incrimination.

4            Do you understand?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Let's talk about the sentencing process.

7            If I accept your plea of guilty you will meet with the

8      probation department and they will prepare a presentence

9      report.

10           Do you understand?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  That presentence report will have

13     information about you and the crimes that you are alleged to

14     have committed.

15           Do you understand?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  That presentence report will also have the

18     probation department's sentencing guideline calculation.

19           Do you understand?

20           THE DEFENDANT:  Sir, yes, sir.

21           THE COURT:  The sentencing guidelines are advisory.

22     What that means is while I am required to determine the

23     guideline range that applies to your case, once I make that

24     determination I am not required to sentence you within that

25     guideline range.

EBE5garP                          plea

1              Do you understand?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  If the guideline range that I determine is

4    different than what is in the presentence report or different

5    than what you were hoping for, that will not be a ground to

6    take your plea back.

7              Do you understand?

8              THE DEFENDANT:  Sir, yes, sir.

9              THE COURT:  If the sentence that I impose, which may

10   be within or outside of the guideline range, is different than

11   what you were hoping for, that will not be a ground to take

12   your plea back.

13             Do you understand?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  So, as you sit here today there is no

16   promise as to what your guideline range will be, nor is there a

17   promise as to what your sentence will be.

18             Do you understand?

19             THE DEFENDANT:  Sir, yes, sir.

20             THE COURT:  Let's talk about Court Exhibit 1, your

21   agreement with the government.  I ask you to look at the last

22   page of that document and confirm whether or not that is your

23   signature.

24             THE DEFENDANT:  Sir, yes, sir.

25             THE COURT:  Before signing that did you review that

EBE5garP                        plea

1   agreement and discuss it with your attorney?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  And, do you understand the agreement?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Does this agreement contain the entirety

6   of your agreement with the government?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Counsel for the government, is that

9   correct?

10          MR. MASIMORE:  It is.

11          THE COURT:  Counsel for the defense, is that correct?

12          MS. BEAMON:  It is, your Honor.

13          THE COURT:  Let's talk about the statutory penalties.

14          Count One has a maximum term of imprisonment of 10

15  years.

16          Do you understand?

17          THE DEFENDANT:  Sir, yes, sir.

18          THE COURT:  There is a maximum term of supervised

19  release of three years.

20          Do you understand?

21          THE DEFENDANT:  Sir, yes, sir.

22          THE COURT:  Supervised release is like a term of

23  probation you would serve after a term of custody.  You would

24  be subject to drug testing, visits by a probation officer and

25  other limitations on your freedom.

EBE5garP                         plea

1              Do you understand?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  If you were to violate a condition of

4    supervised release you could be sentenced to an additional term

5    of custody and/or supervised release without credit for time

6    previously served in custody or on supervised release.

7              Do you understand?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  In addition, you are subject to the

10   possibility of a fine.  The maximum fine for Count One is the

11   greatest of $250,000 or twice the gross pecuniary gain derived

12   from the offense or twice the gross pecuniary loss to persons

13   other than you resulting from the offense.

14             Do you understand?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  In addition, you are subject to a $100

17   special assessment which is like a fine except it is mandatory.

18   You must pay that.

19             Do you understand?

20             THE DEFENDANT:  Sir, yes, sir.

21             THE COURT:  Count Two has a maximum term of

22   imprisonment of 20 years.

23             Do you understand?

24             THE DEFENDANT:  Sir, yes, sir.

25             THE COURT:  There is a maximum term of supervised

EBE5garP                          plea

```
 1   release of life.

 2             Do you understand?

 3             THE DEFENDANT:  Sir, yes, sir.

 4             THE COURT:  There is a maximum fine of $1 million.

 5             Do you understand?

 6             THE DEFENDANT:  Sir, yes, sir.

 7             THE COURT:  And there is also a $100 mandatory special

 8   assessment for Count Two.

 9             Do you understand?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  The total maximum term of imprisonment on

12   Counts One and Two is 30 years.

13             Do you understand?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Under your agreement with the government

16   you agree to make restitution in an amount ordered by the Court

17   in accordance with 18 U.S.C. Section 3663 and 3663(a).

18             Do you understand?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Also, as part of your agreement with the

21   government, you are admitting to the forfeiture allegations

22   with respect to Counts One and Two.

23             Do you understand?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  If you are not a United States citizen I
```

EBE5garP                         plea

1    want to make sure that you understand that your plea and

2    conviction for Counts One and Two make it presumptively

3    mandatory that you would be deported from the United States.

4              Do you understand?

5              THE DEFENDANT:  Sir, yes, sir.

6              THE COURT:  Have you discussed that with your

7    attorney?

8              THE DEFENDANT:  Sir, yes, sir.

9              THE COURT:  While there is no promise as to your

10   guideline range, nor is there a promise as to your sentence, in

11   your agreement with the government the government has set out

12   its sentencing guideline estimate.

13             Have you seen that and discussed that with your

14   attorney?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Counsel for the defense, do you have

17   anything to add to that estimate?

18             MS. BEAMON:  No, your Honor.

19             THE COURT:  I want to reiterate to you, Mr. Araujo,

20   that what the government has included in the agreement is the

21   government's estimate.  It is not binding on the probation

22   department or the Court.

23             Do you understand?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  You have a statutory right to appeal.  If

EBE5garP                          plea

1    you cannot afford to hire an attorney to help you prosecute the

2    appeal, the Court would give you a lawyer for free.

3                 Do you understand?

4                 THE DEFENDANT:  Sir, yes, sir.

5                 THE COURT:  While you have a statutory right to

6    appeal, under your agreement with the government you have

7    agreed not to file a direct appeal nor bring a collateral

8    challenge, nor seek a sentencing modification of any sentence

9    within or below the guideline range of 87 to 108 months'

10   imprisonment.

11                Do you understand?

12                THE DEFENDANT:  Sir, yes, sir.

13                THE COURT:  Mr. Araujo, are you satisfied with your

14   legal representation up to this point?

15                THE DEFENDANT:  Yes, your Honor.

16                THE COURT:  Counsel, are you aware of any reason why

17   your client should not plead guilty?

18                MS. BEAMON:  No, your Honor.

19                THE COURT:  Are you aware of any legal defense to the

20   charges?

21                MS. BEAMON:  I am not, your Honor.

22                THE COURT:  Mr. Araujo, are you willing to give up

23   your rights to a trial and the other rights that we have

24   discussed?

25                THE DEFENDANT:  Yes, your Honor.

EBE5garP                          plea

1          THE COURT:  Other than what is contained in Court

2    Exhibit 1, your agreement with the government, has anyone made

3    any promises to induce you to give up those rights?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Has anyone made any threats to force you

6    to give up those rights?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  How do you plead to Counts One and Two of

9    the superseding information; guilty or not guilty?

10          THE DEFENDANT:  Guilty, your Honor.

11          THE COURT:  What did you do that makes you guilty of

12    the crimes charged in Counts One and Two of the superseding

13    information?

14          THE DEFENDANT:  Your Honor, from September 2007 to

15    October 17, 2013 I agreed, with others, to burglarize

16    pharmacies in Manhattan and elsewhere.  I stole drugs worth

17    more than $500 and was involved in the burglary described in

18    the superseding information.  At the time I knew what I was

19    doing was wrong.  I am very sorry for my actions, your Honor,

20    and to the government.

21          MS. BEAMON:  Your Honor, that is to the burglar

22    conspiracy.  He has a separate allocution with respect to the

23    drug conspiracy, if that would be appropriate, your Honor.

24          THE COURT:  All right.

25          THE DEFENDANT:  Regarding the narcotics conspiracy:

EBE5garP                    plea

 1  From October 2007 to October 17, 2013, I agreed, with others,

 2  to distribute drugs and intent to distribute drugs including

 3  Oxycontin and Oxymorphone in Manhattan and elsewhere.  At the

 4  time I knew what I was doing was wrong.  I am very sorry for my

 5  actions, your Honor, and to the government.

 6          THE COURT:  So, Mr. Araujo, you had an agreement with

 7  others to get some drugs; is that correct?

 8          THE DEFENDANT:  Sir, yes, sir.

 9          THE COURT:  And where was it that you were planning on

10  getting these drugs from?

11          THE DEFENDANT:  From the pharmacy, sir.

12          THE COURT:  And when you were getting these drugs from

13  the pharmacies, were you -- was it part of the plan to get

14  these drugs with the permission of the pharmacies?

15          THE DEFENDANT:  Sir, no, sir.

16          THE COURT:  I'm sorry?

17          THE DEFENDANT:  Sir, no, sir.

18          THE COURT:  And when you say burglarize, was it your

19  intention -- was it part of the plan to go into the pharmacies

20  without permission?

21          THE DEFENDANT:  Sir, yes, sir.

22          THE COURT:  And to steal those drugs?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  And the drugs that we are talking about,

25  what types of drugs were these?

1        THE DEFENDANT:  Oxycodone, your Honor.

2        THE COURT:  And you indicated before for Count Two

3   that you agreed -- let me ask you, did you agree with others in

4   Count Two to sell some drugs?

5        THE DEFENDANT:  Yes, your Honor.

6        THE COURT:  And the drugs that were being sold, where

7   were those drugs coming from?

8        THE DEFENDANT:  The pharmacy, your Honor.

9        THE COURT:  And these were the same drugs that you had

10  agreed to, that there was an agreement to steal from the

11  pharmacy?

12        THE DEFENDANT:  Sir, yes, sir.

13        THE COURT:  Did you enter into these agreements

14  knowingly and intentionally?

15        (Defendant and counsel conferring)

16        THE DEFENDANT:  Sir, yes, sir.

17        THE COURT:  Any proffer from the government regarding

18  the pharmacies?

19        MR. MASIMORE:  Yes, your Honor.  We would show at

20  trial that the pharmacies were registered with the Drug

21  Enforcement Administration.  These were pharmacies that

22  lawfully distributed controlled substances pursuant to

23  prescriptions.

24        THE COURT:  And for Count One, did you participate in

25  the burglary of a pharmacy at 3131 East Tremont Avenue in the

EBE5garP                         plea

1    Bronx?

2              THE DEFENDANT:  Sir, yes, sir.

3              THE COURT:  Any further allocution requested by the

4    government?

5              MR. MASIMORE:  No, your Honor.  I believe the

6    allocution is sufficient.

7              THE COURT:  Any further allocution requested by the

8    defense?

9              MS. BEAMON:  No, your Honor.

10             THE COURT:  I find that Mr. Araujo is competent to

11   proceed.  I find that he understands the rights that he is

12   waiving by pleading guilty.  I further find that there is a

13   factual basis for the plea and I will accept his plea of

14   guilty.

15             Sentencing is scheduled for Friday, March 6, 2015, at

16   3:00 p.m.

17             I also have before me a consent preliminary order of

18   forfeiture.  Is that your signature on the last page of that

19   document, Mr. Araujo?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Before signing it, did you read it and

22   discuss it with your attorney?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  When you signed it, did you sign it

25   because you wished to consent to his this preliminary order of

EBE5garP                         plea

1    forfeiture?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  I will accept that.

4              Anything else from the government today?

5              MR. MASIMORE:  No, your Honor.  Thank you.

6              THE COURT:  Anything else from the defense?

7              MS. BEAMON:  No, your Honor.

8              THE COURT:  Okay.  Thank you.

9                              o0o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25